DENNIS, Circuit Judge,
dissenting:
Because I believe equity demands a more in-depth analysis of the situation in this case in light of recent Supreme Court jurisprudence, I respectfully dissent from the decision to deny a stay of execution. I continue to be concerned about the tendency in some of our own opinions towards mechanically denying stays according only to the length of delay between execution setting and the date of the petition, as noted in my diss.ent in Harris v. Johnson, 376 F.3d 414, 419 (5th Cir.2004). In Hill v. McDonough, — U.S. -, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), the Supreme Court did not bar a plaintiffs 1983 action *392 even though it was not filed until four days prior to his execution. Instead, the Court reversed the Eleventh Circuit’s judgment that the suit was a functional equivalent to a successive habeas petition. Id. at 2103. The Court also reiterated that “a stay of execution is an equitable remedy” and that there is “a strong equitable presumption” against granting a stay where the claim could have been raised “ ‘at such a time as to allow consideration of the merits without requiring entry of a stay.’ ” Hill, 126 S.Ct. at 2104, citing Nelson v. Campbell, 541 U.S. 637, 650, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The Court made clear that “federal courts can and should protect States from dilatory or speculative suits,” and potentially also from “repetitive or piecemeal litigation” which might raise similar concerns, but it did not address the method by which we may do so. Id. It did, however, make clear that a stay under these circumstances must satisfy all the traditional requirements, such as proof of the likelihood of success on the merits. Id. at 2104. It also did not give carte blanche approval to any of the lower court decisions it referred to, but merely noted that dilatoriness was a valid and significant problem that courts are within their powers to address. Id. I do not read the Court’s opinion as encouraging us to overlook all other considerations that are called for in equity, which, after all, should be a recourse to principles of justice and fairness to correct or supplement the law as applied to particular circumstances. Consequently, equity in cases of this nature requires courts to consider the particular circumstances of each case and to examine them for whether or not the challenge has been brought dilatorily or for improper purposes (ie., to delay the execution), and, if not, whether it should be allowed to proceed.
In this case, the district court and the majority have not analyzed the case on the basis of the factors indicated in Hill, including the likelihood of success on the merits.[1] Accordingly, it is difficult to determine quickly whether the result they reached is congruent with the Supreme Court’s decisions in Nelson and Hill. Further, it is now clear that a reevaluation and rethinking of our prior decisions in the light of Nelson and Hill is appropriate. Therefore, I respectfully dissent and would stay the execution in this case pending briefing and oral argument for that purpose.

. In deciding a stay of execution, we must consider four factors: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. Buxton v. Collins, 925 F.2d 816, 819 (5th Cir.1991). Hill cited as an example of these factors Barefoot v. Estelle, a case approving of "the Fifth Circuit's recent practice of requiring a showing of some prospect of success on the merits before issuing a stay of execution,” 463 U.S. 880, 889, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), as well as Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997), a case noting that the movant must carry the burden of persuasion.